1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    RHAWN JOSEPH, Ph.D.,                    Case No.  20-cv-03782-VKD

9                    Plaintiff,              **ORDER FOR REASSIGNMENT TO A
                                             DISTRICT JUDGE; REPORT AND
10          v.                               RECOMMENDATION RE MOTION
                                             TO DISMISS AND MOTION TO STAY
11   LUCY KOH, et al.,                       DISCOVERY**

12                   Defendants.             Re: Dkt. No. 5, 16

13

14          Plaintiff Rhawn Joseph, Ph.D., proceeding *pro se*, sues for alleged civil rights and other

15   violations arising from municipal code enforcement proceedings.  Presently before the Court is a

16   motion to dismiss filed by defendants the City of San Jose ("City"), Dave Sykes, Richard Doyle,[1]

17   Kendra McGee-Davies, Rosalynn Hughey, Jason Gibilesco and Brian Munoz ("City defendants").

18   Dr. Joseph opposes the motion.  The Court deemed the matter suitable for determination without

19   oral argument and vacated the September 1, 2020 hearing.  Civ. L.R. 7-1(b); General Order No.

20   72-5; Dkt. No. 22.  Because not all parties have appeared,[2] this Court orders that this case be

21   reassigned to a district judge, with the following report and recommendation that the City

22   defendants' motion to dismiss be granted with leave to amend as to some claims for relief and

23   _____

24   [1] Based on media reports, the Court is informed that Mr. Doyle recently passed away.

25   [2] Dr. Joseph and the City defendants have expressly consented that all proceedings in this matter
     may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P.
26   73; Dkt. Nos. 2, 8.  Judge Koh, however, has not appeared in this action.  Although Dr. Joseph
     filed a notice indicating that he voluntarily dismissed her from these proceedings (Dkt. No. 10), he
27   subsequently withdrew that document (Dkt. Nos. 11, 12).  Additionally, while Dr. Joseph filed a
     certificate of service (Dkt. No. 4), there is no indication on the docket that Judge Koh properly has
28   been served with process as prescribed by Rule 4(i), and the deadline for service of process was
     August 27, 2020.  Fed. R. Civ. P. 4(m).

without leave to amend as to others.  28 U.S.C. § 636; Fed. R. Civ. P. 72.  Additionally, this Court recommends that the City defendants' motion to stay discovery (Dkt. No. 16) be granted and that discovery be stayed at least through the resolution of the present motion to dismiss.

## I.   BACKGROUND

### A.   Dr. Joseph's 2019 Action

Dr. Joseph previously sued several of the same City defendants for alleged civil rights and other violations arising out of municipal code enforcement proceedings concerning Dr. Joseph's wrought iron fence and cypress trees, as well as three sheets of 24-inch polyurethane he had erected on a portion of his property.  *See* Case No. 5:19-cv-01294-LHK *Joseph v. City of San Jose, et al.* ("2019 Action").[3]  Defendants' motion to dismiss the original complaint in that action was mooted when Judge Koh, who presides over the 2019 Action, granted Dr. Joseph's unopposed motion for leave to file an amended complaint.  2019 Action, Dkt. No. 29.  Judge Koh subsequently granted defendants' motion to dismiss the First Amended Complaint, with leave to amend, on the ground that Dr. Joseph's allegations did not comply with Rule 8's mandate to provide a "short and plain" statement of his claims.  2019 Action, Dkt. No. 43.

In his Second Amended Complaint ("SAC"), the operative pleading in the 2019 Action, Dr. Joseph named as defendants the City, Dave Sykes (City Manager), Richard Doyle (City Attorney), Rosalyn Hughey (Director of San Jose Code Enforcement), Mollie McLeod (City Code Enforcement Division Manager and Administrative Hearing Officer), Sean Flanagan (Code Enforcement Inspector), and Jason Gibilesco (Code Enforcement Inspector and Supervisor).  2019 Action, Dkt. No. 45; Dkt. No. 5-1, Ex. C.  Dr. Joseph claimed that the defendants filed false code violations against him, requiring that he remove three sheets of 24-inch polyurethane, which Dr. Joseph claimed were necessary to protect his home and property against harassing and wrongful conduct by one of his neighbors.  Additionally, Dr. Joseph contended that although his cypress trees did not violate any code, defendants wrongfully required that he destroy them and that he

---

[3] Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of facts not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice of its own records.

United States District Court
Northern District of California

also cut his wrought iron fence to a height of no more than three feet—or face substantial fines. Further, Dr. Joseph claimed that the City, Mr. Gibilesco and Ms. Hughey altered and backdated records to support the false code violations.  2019 Action, Dkt. No. 45; Dkt. No. 5-1, Ex. C.

Dr. Joseph asserted twelve claims for relief: (1) "Violation of the First Amendment, Civil Rights Claim (42 U.S.C. § 1981)"; (2) "Conspiracy, Hate Crimes (CPS Part 1, Title 2 Section 31, CPS §§ 182 422.6; 42 U.S.C. § 1981)"; (3) "Violation of the Fourth Amendment"; (4) "Violation of the Fifth Amendment"; (5) "Violation of the Sixth Amendment"; (6) "Violation of the Eighth Amendment:  Excessive Fines"; (7) "Violation of the Fourteenth Amendment (42 U.S.C. § 1981.5 § 1983)"; (8) "Monell Liability, Constitutional Torts, Violation of Fourteenth Amendment (42 U.S.C. § 1983)"; (9) "Violations of Bane Act (Cal. Civ. Code § 52.1), and Ralph Act (Cal. Civ. Code § 51.7)"; (10) "Negligence (42 U.S.C. § 1983) 'Willful Indifference' Constitutional Torts, Liability, Damages:  No Immunity"; (11) "Intentional Infliction of Emotional Distress, Malice, Harassment"; and (12) "Demand for Declaratory and Injunctive Relief."  *Id*. ¶¶ 182-325.

On March 3, 2020, Judge Koh granted in part and denied in part defendants' motion to dismiss the SAC as follows:

Judge Koh granted the motion to dismiss without leave to amend with respect to Dr. Joseph's First Amendment claim to the extent that it asserted violation of 42 U.S.C. § 1981; his second claim for relief for "Conspiracy, Hate Crimes (CPS Part 1, Title 2 Section 31, CPS §§ 182 422.6; 42 U.S.C. § 1981)"; his Fourth Amendment claim to the extent that it asserts an unlawful search as to the City and Hughey; and the claim for violation of the Ralph Act, Cal. Civ. Code § 51.7.  2019 Action, Dkt. No. 73; Dkt. No. 5-1, Ex. B.  Additionally, Judge Koh granted without prejudice defendants' motion to dismiss the SAC with respect to Dr. Joseph's claim for declaratory and injunctive relief.

Judge Koh concluded that *Younger*[4] abstention applied to a number of Dr. Joseph's claims, and she stayed the suit with respect to the claims for alleged violation of the First, Fourth, Fifth,

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

United States District Court
Northern District of California

Sixth, Eighth and Fourteenth Amendments, as well as the claims for *Monell*[5] liability, alleged violation of the Bane Act (Cal. Civ. Code § 52.1), "Negligence (42 U.S.C. § 1983) Willful Indifference," and intentional infliction of emotional distress.  Pursuant to Judge Koh's March 3, 2020 order, the stay of these claims remains in effect "until the Court orders otherwise."  Judge Koh further directed the parties to notify the Court "when the underlying state proceedings are no longer ongoing and [to] explain why *Younger* abstention is no longer warranted[.]"  2019 Action, Dkt. No. 73 at 35; Dkt. No. 5-1, Ex. B.

Judge Koh denied defendants' motion to dismiss with respect to Dr. Joseph's unlawful search claim under the Fourth Amendment against Messrs. Flanagan and Gibilesco.  2019 Action, Dkt. No. 73 at 35; Dkt. No. 5-1, Ex. B.  However, on March 10, 2020 she granted the parties' stipulated request to stay the litigation as to that claim, with the stay to "remain in effect until the parallel administrative and state court proceedings and their appeals are fully resolved."  2019 Action, Dkt. No. 78 at 2.  Judge Koh then administratively closed the 2019 Action.  *Id*. at 3.

**B.      Dr. Joseph's Present Lawsuit**

On May 29, 2020, Dr. Joseph filed the present lawsuit, naming as defendants Judge Koh, the City, Messrs. Sykes, Doyle and Gibilesco, Ms. Hughey, City attorney Kendra McGee-Davies and Brian Munoz, identified as a senior maintenance worker for the Department of Streets and Traffic.  Dr. Joseph again claims civil rights and other violations based on the same allegedly false code enforcement proceedings concerning his cypress trees and wrought iron fence.  According to his complaint, "[a]ll these false charges were officially dismissed in February 2020 by the City of San Jose when Plaintiff was prosecuted and proved the charges were false."  Dkt. No. 1 ¶ 3. Nevertheless, Dr. Joseph claims that with Judge Koh's "encouragement," the City defendants "again fashioned false charges to illegally destroy Plaintiff's Cypress trees, in early March 2020, during the corona pandemic, so as [to] force him to violate shelter in place mandates and recklessly endanger and knowingly expose him to the corona virus[.]"  *Id*. ¶ 7.

The complaint alleges that around March 16, 2020, Mr. Munoz called Dr. Joseph and

---

[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

United States District Court
Northern District of California

demanded that he "butcher his trees," but "was unable to cite any codes Plaintiff had allegedly violated." *Id*. ¶ 9.  Mr. Munoz allegedly further told Dr. Joseph that he had no rights of appeal or to an administrative hearing, and that he "was to do as ordered or suffer fines, costs and property damage." *Id*. ¶¶ 9, 55.  According to the complaint, although Dr. Joseph "complained he was being ordered to expose himself to the [corona] virus by violating shelter in place mandates, Mr. Munoz 'stated he was just 'following orders' and if Plaintiff did not cut his trees the City would cut down all his trees and Plaintiff would be charged costs and administrative fees and fines." *Id*. ¶ 54.

Dr. Joseph alleges that on March 17, 2020, he emailed the City, Messrs. Doyle and Sykes, and Ms. McGee-Davies, pointing out that the City had "declared his trees were not in violation," and additionally demanding to know what codes he allegedly was violating, as well as an administrative hearing.  *Id*. ¶ 10; *see also* ¶ 56.  The complaint alleges that Dr. Joseph's emails were ignored and that defendants "retaliated by sending a second letter via [Mr.] Munoz, dated 4/29/20, threatening to damage and deprive Plaintiff of his property within 14 days and cited codes that had nothing to do with Plaintiff's trees[.]" *Id*. ¶¶ 11, 56.  The City and Mr. Munoz reportedly "also levied and threaten[ed] to levy more fines and charges if Plaintiff refused to violate the shelter in place mandates and mutilate his trees[.]" *Id*. ¶ 11.  As a result, Dr. Joseph claims that he "was coerced and forced to mutilate his trees, and on 5/1/20 suffered a deprivation of and destruction of his property without due process." *Id*. ¶ 13; *see also* ¶ 57.  The complaint further alleges that on or about May 1, 2 and 3, 2020, Dr. Joseph emailed to all defendants (except Judge Koh) "a notice of intention to file suit," accusing defendants of "purposefully and recklessly endangering and exposing him to the corona virus[.]" *Id*. ¶ 58.  Dr. Joseph claims that defendants retaliated and that around May 13, 2020 he received a third notice from defendants ordering him to "butcher more of his trees." *Id*. ¶ 13; *see also* ¶ 59.  Additionally, Dr. Joseph alleges that between March and May 2020, he "observed the same and different vehicles stopping in front of his home, and observed drivers who took pictures of Plaintiff, his trees, and his property." *Id*. ¶ 14.  He believes that defendants "are harassing and seeking to intimidate [him], and planning additional fake charges to destroy his property and his home, and cause his death." *Id*.

Dr. Joseph alleges that based on his "religion, race, and sexual orientation," all defendants "engaged in a criminal conspiracy resulting in reckless endangerment and attempted murder (exposure to the Corona virus), elder abuse, property damage, deprivation of property, cruel and unusual punishment, extortion, perjury, fraud, false charges, the backdating of fake evidence, demands for payment of protection to avoid the subsequent filing of false charges targeting Plaintiff's property for destruction, filing fake charges when he refused, and violating his 1st, 4th, 5th, 8th, and 14th Amendment rights." *Id.* ¶ 2.  With respect to the 2019 Action, the complaint alleges that defendants "conspired to and obstructed justice, committed fraud, and violated Plaintiff's constitutional rights." *Id.* ¶ 20.

Dr. Joseph's complaint asserts 15 claims for relief: (1) "Demand for Declarative and Injunctive Relief"; (2) "Violation of the First Amendment, Civil Rights Claim (42 U.S.C. § 1981); (3) "Conspiracy, Hate Crimes (CPS Part 1, Title 2 Section 31, CPS §§ 182 422.6; 42 U.S.C. § 1981)"; (4) "Violation of the Fourth Amendment"; (5) "Violation of the Fifth Amendment"; (6) "Fraud:  City of San Jose, Hughey, Gibilesco, Munoz"; (7) "False Charges, Malicious Prosecution, Pain and Suffering"; (8) "False Charges, Property Damage, Pain and Suffering"; (9) Violation of the Eighth Amendment:  Excessive Fines, Cruel and Unusual Punishment"; (10) "Violation of the Fourteenth Amendment (42 U.S.C. § 1981.5 § 1983)"; (11) "Monell Liability, Constitutional Torts, Violation of Fourteenth Amendment (42 U.S.C. § 1983)"; (12) "Violations of Bane Act (Cal. Civ. Code § 52.1), Ralph Act (Cal. Civ. Code § 51.7), 42 U.S.C. § 1983"; (13) "Negligence (42 U.S.C. § 1983) 'Willful Indifference' — Constitutional Torts"; (14) "Intentional Infliction of Emotional Distress, Malice, Harassment"; and (15) "Fraud: Lucy Koh, City of San Jose." Dkt. No. 1 ¶¶ 126-227.

### C.     The City Defendants' Pending Motion to Dismiss

On July 8, 2020, the City defendants filed the present motion to dismiss the complaint, arguing that under the first-to-file rule, the present lawsuit should be dismissed in favor of the earlier-filed 2019 Action.  Dkt. No. 5 at 13-16.  That same day, however, Judge Koh denied their motion to relate the present case and the 2019 Action, and the City defendants now acknowledge that their first-to-file argument is moot.  Dkt. No. 13 at 1.  Additionally, in his opposition to the

United States District Court
Northern District of California

present motion to dismiss, Dr. Joseph clarifies that the claims asserted in the present lawsuit are based on events occurring in March 2020 after Judge Koh closed the 2019 Action on March 10, 2020. *See* Dkt. No. 9 at 1 ("The Causes of Action detailed in Joseph v. Koh have their onset in March of 2020, and details how Defendants filed false charges, levied fraudulent fines, and inflicted damages and injuries in 2020—after [Judge] Koh issued her ruling and closed the [2019 Action].").  The City defendants nonetheless maintain that dismissal is warranted on the grounds that the complaint violates Rules 8 and 11 and because, pursuant to Rule 12(b)(6), the complaint also fails to state a claim for relief.  For the reasons discussed below, this Court recommends that the City defendants' motion to dismiss be granted with leave to amend as to some claims for relief and without leave to amend as to others.

## II.  DISCUSSION

### A.  Rule 11

The City defendants move to dismiss the complaint with prejudice for failure to comply with Rule 11.  Dkt. No. 5 at 16-18; Dkt. No. 13 at 9.

Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4).  The City defendants contend that the complaint's allegations are not

1   factual, but rather are conclusory, speculative, based on opinion and legally frivolous.  Dkt. No. 5

2   at 16; Dkt. No. 13 at 9.  In their view, the present lawsuit is an attempt by Dr. Joseph to

3   collaterally attack Judge Koh's stay and/or dismissal of various claims in the 2019 Action, as well

4   as to circumvent her denial of Dr. Joseph's motions requesting her disqualification and recusal as

5   the presiding judge in that case.  Dkt. No. 5 at 17.  Insofar as the complaint alleges that all

6   defendants conspired against Dr. Joseph in connection with the 2019 Action, the City defendants

7   argue that the doctrine of judicial immunity precludes a lawsuit against Judge Koh for actions

8   taken in her judicial capacity, asserting that "[n]owhere does the complaint allege that Judge Koh

9   acted in the clear absence of all jurisdiction."  *Id*. at 16.

10       As the City defendants correctly note, it is well settled that even in civil rights actions

11   brought pursuant to 42 U.S.C. § 1983, judges acting within their judicial jurisdiction are

12   absolutely immune from liability for damages.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

13   Nevertheless, as to the claims asserted against them, the City defendants' arguments appear to be

14   based largely on an alleged failure by Dr. Joseph to state facts sufficient to support a plausible

15   claim for relief under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See* Dkt. No. 5 at 16.

16   Those arguments are addressed below in connection with the City defendants' arguments for

17   dismissal pursuant to Rule 12(b)(6).  Moreover, to the extent the City defendants appear to seek

18   dismissal as a sanction for violation of Rule 11(b), it is unclear on the record presented that their

19   motion complies with the procedural requirements for a motion for Rule 11 sanctions.  Rule 11(c)

20   and Civil Local Rule 7-8 identify specific requirements for bringing such motions, including a 21-

21   day safe harbor period for correcting or withdrawing the challenged paper.  Accordingly, on the

22   record presented, this Court declines to recommend dismissal under Rule 11.

23       **B.**     **Rule 8**

24       The City defendants argue that the complaint should be dismissed for failure to comply

25   with the general rules for pleading set out in Rule 8(a) of the Federal Rules of Civil Procedure.

26   Rule 8 requires a complaint to include a short and plain statement indicating the grounds for

27   jurisdiction, a short and plain statement of the claim, and a demand for the relief sought.  Fed. R.

28   Civ. P. 8(a)(1)-(3).  "The propriety of dismissal for failure to comply with Rule 8 does not depend

United States District Court
Northern District of California

on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims that are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* Although "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a), *McHenry*, 84 F.3d at 1178-79.

This Court agrees that the complaint fails to comply with Rule 8's mandate to provide a short and plain statement of each claim showing that Dr. Joseph is entitled to relief. The complaint contains numerous theories of legal wrongs that the defendants have committed, and often refers to multiple state, federal, civil and criminal statutes and cases together, but fails to set forth clear facts in an organized fashion showing that Dr. Joseph is entitled to relief under various asserted theories. Illustrative of the allegations of the complaint is the Fourth Claim for Relief for "Violation of the Fourth Amendment," which purports to assert a claim against all defendants for "conspiracy to create fake code violations, to fake evidence, to alter photographs, and to alter and backdate official records and they did so to deprive Plaintiff of his property, and this conduct is a violation of 18 U.S.C. § 1001, CPC § 422.6:18 and the 4th Amendment rights." Dkt. No. 1 ¶ 142. These allegations cite federal and state criminal statutes without any clear relationship to the constitutional claim apparently being asserted. The Eleventh Claim for Relief for "Monell Liability, Constitutional Torts, Violation of Fourteenth Amendment (42 U.S.C. § 1983)," similarly cites to multiple federal and state statutes, including 42 U.S.C. § 1983, California Government Code § 815.2(a), California Health and Safety Code 26205, Division 20, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, while asserting violations of Dr. Joseph's "1st, 4th, 5th, 8th [and] 14th Amendment rights." Dkt. No. 1 ¶ ¶ 182-195. Elsewhere in a section of his complaint entitled "Argument," Dr. Joseph makes sweeping allegations of conspiracy, as well as "Attempted Murder," "Elder Abuse," and alleged constitutional violations. *See id.* ¶¶ 63-88.

In sum, the complaint is so prolix and argumentative that it fails to provide fair notice of the claims being asserted or the grounds on which they rest. Fed. R. Civ. P. 8(a)(2). Although the

1   City defendants argue that dismissal with prejudice is appropriate, the Court first looks to less

2   drastic alternatives to dismissal. *McHenry*, 84 F.3d at 1178.  As discussed below, even liberally

3   construing the complaint, the allegations are insufficient to support a plausible claim for relief.

### C.      Rule 12(b)(6)

5          A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

6   sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

7   Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts

8   alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

9   F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be

10  taken as true and construed in the light most favorable to the claimant.  *Id.*  However,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is

13  not required to accept legal conclusions cast in the form of factual allegations if those conclusions

14  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d

15  752, 754-55 (9th Cir. 1994).  Additionally, "[f]actual allegations must be enough to raise a right to

16  relief above the speculative level," *Twombly*, 550 U.S. at 555, and only plausible claims for relief

17  will survive a motion to dismiss, *Iqbal*, 556 U.S. at 679.  A claim is plausible if its factual content

18  permits the court to draw a reasonable inference that the defendant is liable for the alleged

19  misconduct.  *Iqbal*, 556 U.S. at 679.  A plaintiff does not have to provide detailed facts, but the

20  pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me

21  accusation." *Id.* at 678.  Documents appended to or incorporated into the complaint or which

22  properly are the subject of judicial notice may be considered along with the complaint when

23  deciding a Rule 12(b)(6) motion.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.

24  2010).

25          If the Court determines that a complaint should be dismissed, it must then decide whether

26  to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

27  amend "shall be freely given when justice so requires," because "the underlying purpose of Rule

28  15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.*

United States District Court
Northern District of California

10

*Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1130 (internal quotation marks omitted).  "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

    Preliminarily, this Court notes that to the extent Dr. Joseph's complaint seeks to hold the City liable under various claims based on the conduct of its employees, those claims do not state a plausible claim for relief as to the City because a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*.  *See Monell*, 436 U.S. at 691.  Additionally, the City defendants note that dismissal is warranted to the extent the complaint appears to reassert a number of claims that Judge Koh dismissed without leave to amend in the 2019 Action.  *See* 2019 Action, Dkt. No. 73, Ex. B.  Indeed, any such claims would not provide a plausible basis for relief.  As noted above, however, Dr. Joseph clarifies that the claims in his complaint are based only on events that occurred in 2020 after Judge Koh closed the 2019 Action on March 10, 2020.  Dkt. No. 9 ¶¶ 9, 80.  With that clarification, this Court now addresses the City defendants' motion to dismiss each of the asserted claims for relief.

    **1.    First Claim for Relief:  "Demand for Declarative and Injunctive Relief"**

    This claim, which is asserted against only the City, appears to be based on alleged violations of Dr. Joseph's constitutional rights.  Dkt. No. 1 ¶¶ 126-129.  As discussed below, this Court recommends that the City defendants' motion to dismiss be granted, with leave to amend only as to some claims.  Accordingly, Dr. Joseph's claim for declarative and injunctive relief should also be dismissed with leave to amend.

United States District Court
Northern District of California

### 2.     Second Claim for Relief:  "Violation of the First Amendment, Civil Rights Claim (42 U.S.C. § 1981)"

This claim is based on 42 U.S.C. § 1981 and alleges that the defendants violated Dr. Joseph's right to freedom of religion under the First Amendment.  The City defendants argue that the complaint fails to allege an actionable impairment of Dr. Joseph's right to freedom of religion.  Indeed, it is not apparent that a claim for violation of the First Amendment right to freedom of religion is actionable under 42 U.S.C. § 1981.  That statute provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  Courts have held that "[o]nly race is actionable under 42 U.S.C. section 1981." *Lelaind v. City & Cty. of San Francisco*, 576 F.Supp.2d 1079, 1089 (N.D. Cal. 2008).  In his opposition, Dr. Joseph asserts that he "loves and views his trees with religious re[v]erence."  Dkt. No. 9 at 4.  However, "'[t]he Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens.'"  *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 448 (1988), (quoting *Bowen v. Roy*, 476 U.S. 693, 699-700 (1986)).  The facts as alleged in the complaint are not sufficient to give rise to a plausible claim for relief, and it is not apparent from the record presented that the pleading could be cured by the allegations of additional facts on amendment.  Accordingly, this Court recommends that the City defendants' motion to dismiss this claim be granted, without leave to amend.

### 3.     Third Claim for Relief:  "Conspiracy, Hate Crimes (CPC Part 1, Title 2 Section 31, CPC §§ 182 422.6; 42 U.S.C. § 1981)

With respect to the City defendants, the complaint alleges:  "As detailed in [the 2019 Action] Plaintiff and his trees were targeted and false charges were filed and Plaintiff was prosecuted in 2018 to 2019, because of perceptions about Plaintiff's religion, race, and sexual orientation."  Dkt. No. 1 ¶ 136.  The complaint further alleges that Dr. Joseph's "trees were also targeted and demands were repeatedly made to castrate and mutilate these trees, as attacks on

United States District Court
Northern District of California

Plaintiff's manhood and sexuality and religious beliefs." *Id*. ¶ 137.  The City defendants contend that in the 2019 Action, Judge Koh dismissed this same claim without leave to amend, and that dismissal is warranted here because Dr. Joseph has simply realleged the claim in the present action.  Dkt. Nos. 5, 13.  Although this claim appears to be expressly based on events in 2018 and 2019, Dr. Joseph now argues that his complaint concerns only events arising in 2020 after Judge Koh closed the 2019 Action, and also pertains to different trees than those that are at issue in that earlier-filed case.  Dkt. No. 9 ¶¶ 6, 31-33, 80.  Even so, those arguments do not save this claim from dismissal, as the complaint cannot state a claim for relief under 42 U.S.C. § 1981, California Penal Code §§ 182, 422.6 or 422.55.

To the extent this claim is based on California Penal Code § 182, "which makes it a crime to conspire to falsely and maliciously cause someone to be arrested, charged, or indicted for any crime," this Court concludes that it should be dismissed without leave to amend "because this section of the Penal Code does not create any private right of action."  *Evans v. United States*, No. CV 18-06546 AB (ASx), 2019 WL 2970830, at *3 n.3 (C.D. Cal. Apr. 17, 2019), report and recommendation adopted, 2011 WL 4543195 (E.D. Cal. Sept. 27, 2011)).  Similarly, courts have found no private right of action under California Penal Code § 422.6, which makes it a crime to interfere with the exercise of civil rights or to damage property based on the perceived characteristics of the victim.  *See, e.g., Hoffman v. Lassen Adult Detention Facility*, No. 2:15-cv-1558 JAM KJN P, 2017 WL 2535461, at *3 n.1 (E.D. Cal. June 12, 2017) (noting "that California Penal Code section 422.6 provides no private right of action."), report and recommendation adopted, 2017 WL 4310507 (E.D. Cal. Sept. 28, 2017); *Nible v. Fink*, No. 16cv2849-BAS (PCL), 2017 WL 1885740, at *3 (S.D. Cal. May 9, 2017) (finding no authority to support the plaintiff's claims under a private right of action with respect to California's Penal Code § 422.6), report and recommendation adopted as stated in 2017 WL 4581520, at *3 (S.D. Cal. Oct. 12, 2017).  Nor does this Court find any basis for a private right of action under California Penal Code § 422.55, which simply provides the statutory definition of "hate crime."  *See Thomas v. Thomas*, No. 18-cv-00825-LB, 2018 WL 5099668, at *2 n.6 (N.D. Cal. Mar. 12, 2018) (noting that statute providing definitions does not give rise to a private right of action).

United States District Court
Northern District of California

1        To the extent this claim is based on 42 U.S.C. § 1981, as discussed above, only

2   discrimination based on race is actionable under that statute.  *Leland*, 576 F.Supp.2d at 1089.

3   Courts have held that in order to state a claim under § 1981, a plaintiff must allege facts

4   demonstrating (1) that he is a member of a racial minority; (2) the defendant's intent to

5   discriminate on the basis of race; and (3) that the discrimination concerned one or more of the

6   activities enumerated in the statute.  *Lenk v. Sacks, Ricketts, and Case LLP*, No. 19-cv-03791-

7   BLF, 2020 WL 2793480, at *4 (N.D. Cal. May 29, 2020).  Here, the complaint alleges that Dr.

8   Joseph "is a 'minority'" as compared to Judge Koh because in terms of global population, "Asians

9   account for 60% of the world population (4.5 billion as of 2015), whereas Whites account for

10  11.5%."  Dkt. No. 1 ¶ 30.  Although the complaint further alleges that Dr. Joseph's "racial

11  background is a mixture of 'Saxon,' 'Egyptian,' 'Jewish,' 'Arabic,'" the complaint does not allege

12  any facts from which it may reasonably be inferred that any of the City defendants acted based on

13  an intent to discriminate based on Dr. Joseph's race.  Moreover, the complaint expressly states that

14  this claim is based on events that occurred in 2018 and 2019, contrary to Dr. Joseph's assertion in

15  his opposition brief that the complaint only concerns more recent events after March 10, 2020.  In

16  any event, the complaint does not allege sufficient facts to state a plausible claim for relief based

17  on 42 U.S.C. § 1981.

18       As the record includes no indication that Dr. Joseph could address these deficiencies in an

19  amended complaint, this claim should be dismissed without leave to amend.

20           **4.       Fourth Claim for Relief:  "Violation of the Fourth Amendment"**

21       This claim alleges that the "[d]efendants entered into a conspiracy to create fake code

22  violations, to fake evidence, to alter photographs, and to alter and backdate official records and

23  they did so to deprive Plaintiff of his property, and this conduct is a violation of 18 U.S.C. § 1001,

24  CPC § 422.6; and the 4th Amendment rights."  Dkt. No. 1 ¶ 142.  The complaint further states that

25  the City violated Dr. Joseph's "expectation of privacy," and that he "was forced, compelled by

26  threats to mutilate three of his trees on May 1, 2020 and Defendants have repeatedly threatened to

27  seize his property and mutilate his trees."  *Id*. ¶¶ 141, 143.  Although not expressly alleged within

28  the text of this claim, the complaint elsewhere says that between March and May 2020, Dr. Joseph

1    "observed the same and different vehicles stopping in front of his home, and observed drivers who

2    took pictures of [him], his trees, and his property."  Dkt. No. 1 ¶ 14.

3          To the extent this claim is based on alleged violation of 18 U.S.C. § 1001 or California

4    Penal Code § 422.6, the claim fails and should be dismissed without leave to amend.  For the

5    reasons discussed above, there is no private right of action under California Penal Code § 422.6.

6    Nor is there a private right of action under 18 U.S.C. § 1001.  *See Murphy v. Bank of New York*

7    *Mellon*, No. 14-cv-02030-JST, 2014 WL 4222188, at *5 (N.D. Cal. Aug. 25, 2014) ("Section 1001

8    is a criminal statute pertaining to the falsification of documents and the making of false statements

9    in matters within the jurisdiction of the federal government. . . . The statute contains no private

10   right of action.").

11         As for the alleged Fourth Amendment violations, the Fourth Amendment protects against

12   unreasonable searches and seizures.  *Soldal v. Cook Cty.*, 506 U.S. 56, 63 (1992) (quoting *United*

13   *States v. Jacobsen*, 466 U.S. 109, 113 (1984)); *see also* U.S. Const. amend. IV ("The right of the

14   people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

15   seizures, shall not be violated.").  "'A 'search' occurs when the government intrudes upon an

16   expectation of privacy that society is prepared to consider reasonable.  A 'seizure' of property

17   occurs when there is some meaningful interference with an individual's possessory interests in that

18   property."  *Soldal*, 506 U.S. at 63 (quoting *Jacobsen*, 466 U.S. at 113).

19         To the extent Dr. Joseph bases this claim on an alleged unlawful seizure of his property, in

20   response to the City defendants' motion to dismiss, he cites no authority indicating that the City

21   defendants' alleged "threatened seizure" of his trees or the fact that he was "compelled by threats

22   to mutilate three of his trees" gives rise to a claim for violation of the Fourth Amendment.

23         Insofar as this claim is based on an alleged unlawful search, the complaint fails to state

24   sufficient facts supporting a plausible claim for relief.  "The touchstone of Fourth Amendment

25   analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'"

26   *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360

27   (1967)).  "What a person knowingly exposes to the public, even in his own home or office, is not a

28   subject of Fourth Amendment protection."  *Katz*, 389 U.S. at 351.  The complaint alleges that

United States District Court
Northern District of California

15

between March and May 2020, Dr. Joseph "observed the same and different vehicles stopping in front of his home, and observed drivers who took pictures of [him], his trees, and his property." Dkt. No. 9 ¶ 35; *see also* Dkt. No. 1 ¶ 14.  That allegation is vague as to what conduct, if any, is attributable to any particular defendant.  Moreover, the allegation is not sufficient to state a plausible claim for unlawful search under the Fourth Amendment inasmuch as it indicates that the observations occurred in areas of public access.  *See Ciraolo*, 476 U.S. at 213 ("The Fourth Amendment protection of the home has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares.  Nor does the mere fact that an individual has taken measures to restrict some views of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible.").

Accordingly, this Court recommends that the City defendants' motion to dismiss this claim for alleged Fourth Amendment violations be granted.  Because it is not clear whether the deficiencies described above may be cured, this Court recommends that Dr. Joseph be given leave to amend, except that no amended claim may be based 18 U.S.C. § 1001 or California Penal Code § 422.6 for the reasons discussed above.

**5.      Fifth Claim for Relief: "Violation of the Fifth Amendment"**

The complaint alleges that the City, Messrs. Doyle, Sykes and Munoz, and Ms. McGee-Davies "ignored all demands for an administration hearing to appeal these most recent false and fraudulent code violations filed repeatedly beginning March of 2020, and denied Plaintiff his 5th Amendment right to due process."  Dkt. No. 1 ¶ 148.  This claim apparently is based on allegations that Dr. Joseph's emailed requests for a hearing sent to these defendants were ignored. *Id.* ¶ 10; *see also* Dkt. No. 9 ¶ 40.  The City defendants argue that allegations concerning ignored emails are not sufficient to state a claim for a due process violation, pointing out that the City's municipal code[6] provides procedures for filing requests for a hearing, which they contend Dr.

---

[6] The City defendants' request for judicial notice of the proffered municipal code sections is granted, as municipal codes and ordinances properly are subjects for judicial notice.  Fed. R. Evid. 201; *Smith v. City of Oakland*, — F. Supp. 3d —, No. 19-cv-05398-JST, 2020 WL 2517857, at *1, n.1 (N.D. Cal. Apr. 2, 2020) (citing *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1153

United States District Court
Northern District of California

Joseph has followed before, although he did not do so here.[7]  Dr. Joseph does not squarely address these arguments, and merely reiterates that several of the City defendants "ignored all email demands" for a hearing.  Dkt. No. 9 ¶ 40.  This Court agrees that the complaint does not state sufficient facts to support a plausible claim for violation of due process under the Fifth Amendment.  In any event, the Fifth Amendment's due process clause applies only to the federal government, and not to the actions of a state or city.  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  This Court therefore finds no basis to conclude that this claim could be saved by amendment and recommends that the City defendants' motion to dismiss this claim be granted without leave to amend.

### 6.  Sixth Claim for Relief:  "Fraud:  City of San Jose, Hughey, Gibilesco, Munoz"

This claim alleges that "[f]rom October of 2018 until February of 2020, Defendants City of San Jose, Sykes, Hughey, and Gibilesco, engaged in fraud as [sic] attempted to extort and threatened fines of $5000.00 a day, if Plaintiff did not kill his trees and destroy his wrought iron fence."  Dkt. No. 1 ¶ 153.  The complaint further alleges that "the alleged code violations filed in 2020, also have no basis in law or any City Code, and were and are fraudulent."  *Id.* ¶ 156.  The City defendants contend that dismissal is warranted because the complaint does not comply with heightened pleading standards under Rule 9 and fails to sufficiently state facts supporting any misrepresentation, much less justifiable reliance on any alleged misrepresentation.

To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.  *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).  Additionally, while

_____

n.3 (9th Cir. 2017)).

[7] The Court takes judicial notice of the existence of a document titled "Demand for Hearing: San Jose Planning, Building, Code Enforcement," by Dr. Joseph, dated February 21, 2019.  Dkt. No. 5-1 at ECF 336-347.  *See California Sportfishing Protection Alliance v. Shiloh Group, LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) (stating that judicial notice may be taken of the existence of documents in administrative records).

1   "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," a

2   claim for fraud "must state with particularity the circumstances constituting fraud or mistake."

3   Fed. R. Civ. P. 9(b).  "To comply with Rule 9(b), allegations of fraud must be specific enough to

4   give defendants notice of the particular misconduct which is alleged to constitute the fraud

5   charged so that they can defend against the charge and not just deny that they have done anything

6   wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations and

7   citation omitted).  Mere conclusory allegations of fraud are insufficient.  *Moore v. Kayport*

8   *Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

9           The complaint fails to allege sufficient facts demonstrating any misrepresentation or Dr.

10   Joseph's justifiable reliance on any such misrepresentation.  Under California law, the key

11   question in assessing justifiable reliance is "whether the person who claims reliance was justified

12   in believing the representation in the light of his own knowledge and experience."  *Gray v. Don*

13   *Miller & Assocs., Inc.*, 35 Cal. 3d 498, 503 (1984).  The gravamen of the alleged fraud is that

14   defendants pursued "fake code violations."  Dkt. No. 1 ¶ 156.  The complaint does not allege that

15   Dr. Joseph was misled into believing that the alleged charges were valid; rather, the allegations

16   indicate that he knew or believed that the charges were false, that his "property is not in violation

17   of any codes," that he "refused to mutilate his trees," and that he did so only because he "was

18   coerced."  *Id.* ¶¶ 154, 155.  Similarly, although the complaint alleges that the City and Mr. Munoz

19   "attempted through fraud, to coerce Plaintiff into entering expensive contracts with private

20   contractors associated with the City" (*id.* ¶ 155), there are no specific facts alleged suggesting that

21   Dr. Joseph was misled into doing so based on any misrepresentation.  Accordingly, this Court

22   concludes that the City defendants' motion to dismiss this claim should be dismissed.  There being

23   no indication on the record presented that deficiencies in this claim plausibly could be corrected

24   by amendment, the claim should be dismissed without leave to amend.

25           **7.      Seventh Claim for Relief:  "False Charges, Malicious Prosecution, Pain
26                       and Suffering"**

27           In this claim, the complaint alleges that Messrs. Gibileso and Sykes and Ms. Hughey

28   "falsely charged and maliciously prosecut[ed]" Dr. Joseph by "conspir[ing] together to falsely

search and charge Plaintiff with violations of codes after October 24, 2018, and again in January and February of 2019 only to have the charges dismissed as Plaintiff's property was not in violation of any codes[.]"  Dkt. No. 1 ¶ 161.  Elsewhere the complaint asserts that although "[a]ll these false charges were officially dismissed in February 2020 by the City," defendants nonetheless proceeded to "file fake charges" again in March 2020.  *Id.* ¶ 3.  Construing this claim as one for malicious prosecution, the City defendants contend that the complaint fails to state a plausible claim for relief.

To establish a claim for malicious prosecution of a criminal or civil proceeding, a plaintiff must plead facts demonstrating that the prior action was (1) "commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor;" (2) "brought without probable cause"; and (3) "initiated with malice."  *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 341 (2004).  The City defendants contend that the prior issuance of a compliance order and the administrative hearing held in 2019, are not the type of proceeding that provides an appropriate basis for a malicious prosecution claim.  As confirmed by Dr. Joseph in his opposition papers, however, his claims are based on events that began in March 2020 after Judge Koh closed the 2019 Action.  Dkt. No. 9 ¶ 6.  As alleged in the complaint, beginning in March 2020 Dr. Joseph received more than one order or letter demanding that he "butcher" and "mutilate" his trees. *See, e.g.,* Dkt. No. 1 ¶¶ 9, 11, 13.  Even assuming that such orders or letters qualify as a proceeding that provides an appropriate basis for a malicious prosecution claim, there are no allegations demonstrating that those orders or letters were resolved in Dr. Joseph's favor.  Nor is there any indication on the record presented that Dr. Joseph could support his claim with such allegations were he given leave to amend.  Accordingly, this Court concludes that the City defendants' motion to dismiss this claim should be granted without leave to amend.

### 8.    Eighth Claim for Relief:  "False Charges, Property Damage, Pain and Suffering"

This claim alleges that Messrs. Munoz, Sykes and Doyle, Ms. McGee-Davies and the City "conspired to falsely charge Plaintiff with violations of codes in February, March, April and May of 2020," and cites to a collection of various state and federal statutes, which appear to duplicate

other asserted claims based on malicious prosecution, as well as the Fourth, Fifth, Eighth and Fourteenth Amendments.  Dkt. No. 1 ¶¶ 164, 165.  The mix of varied legal citations make it difficult to decipher precisely what claim is being asserted or the factual and legal bases on which any such claim is based, and this claim is subject to dismissal on that ground alone.  Nonetheless, positing that Dr. Joseph may be attempting to state a claim for abuse of process, the City defendants argue that the complaint fails to state a claim for relief.  This Court agrees.

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed."  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006).  "It has been "interpreted broadly to encompass the entire range of 'procedures' incident to litigation," *id*. at 1057, including the taking of depositions and appeals, *Barquis v. Merchants Collection Ass'n*., 7 Cal. 3d 94, 104 n.4 (1972).  "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the court process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings."  *Rusheen*, 37 Cal. 4th at 1057.  Dr. Joseph's complaint alleges no facts demonstrating that defendants used any court process incident to litigation for improper purposes, and the sweeping allegations that the City defendants conspired in connection with the 2019 Action are insufficient to state a plausible claim for relief.  Accordingly, this Court concludes that the City defendants' motion to dismiss this claim should be dismissed.  There being no indication on the record presented that this claim may be successfully pled on amendment, the claim should be dismissed without leave to amend.

### 9.     Ninth Claim for Relief:  "Violation of the Eighth Amendment: Excessive Fines, Cruel and Unusual Punishment"

This claim alleges that Dr. Joseph "has been and is being subject to profound personal and emotional injury and cruel and unusual punishment (damage to his valuable religious property) during the Corona virus pandemic, and illegal fines and illegal administrative costs, as well as stress, anxiety, sleepless nights, all of which affect the immune system."  Dkt. No. 1 ¶ 168.  The complaint further alleges that "[a]ny fine or charging of costs would be excessive as Plaintiff has not violated any codes or laws."  *Id*. ¶ 169.

United States District Court
Northern District of California

1    The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive

2    fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. The City

3    defendants contend that the complaint's allegations fail to establish any "punishment" within the

4    meaning of the Eighth Amendment. *See* Dkt. No. 1 ¶ 57. Indeed, "[t]o qualify as a punishment

5    subject to the Eighth Amendment, there must be a criminal penalty or punishment that attaches

6    after a formal adjudication of guilt." *Bradford v. Minh Voong*, No. 17-cv-04964-HSG, 2018 WL

7    2047718, at *2 (N.D. Cal. May 2, 2018) (citing *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979).

8    There are no facts alleged suggesting that the conduct at issue relates to punishment for a crime or

9    adjudication of guilt for a crime. Nor is there any indication that any such facts plausibly could be

10   alleged on amendment.

11   Insofar as this claim is based on alleged excessive fines, the City defendants contend that

12   Dr. Joseph has not yet paid any fines and therefore has no standing to pursue this claim. Some

13   authority suggests that such a claim may be ripe once a fine is imposed. *See generally San

14   Francisco Technology, Inc. v. Dial Corp.,* No. 5:10-cv-04986-JF/PSG, 2011 WL 941152, at *4

15   (N.D. Cal. Mar. 17, 2011) (concluding that an Eighth Amendment excessive fines issue was not

16   yet ripe where the fine in question had not yet been imposed). Even so, this Court finds that the

17   complaint's allegations are ambiguous as to whether any fines have been imposed, or merely

18   threatened. *See, e.g.,* Dkt. No. 1 ¶¶ 8, 11, 45, 54, 56. 95. The ambiguity is compounded by the

19   fact that the complaint includes allegations concerning pre-March 10, 2020 events that Dr. Joseph

20   now contends are not the subject of the present lawsuit. Because this Court cannot rule out the

21   possibility that any claim for alleged excessive fines may be clarified on amendment, this Court

22   concludes that the City defendants' motion to dismiss should be granted, with leave to amend as to

23   any alleged excessive fines.

24        **10.    Tenth Claim for Relief: "Violation of the Fourteenth Amendment (42
                   U.S.C. § 1981.5 § 1983)"**
25
          In this claim, Dr. Joseph alleges that "[a]s detailed in [the 2019 Action], Plaintiff was
26
     initially targeted and falsely charged because of his sexuality, religion, and race." Dkt. No. 1
27
     ¶ 173. The complaint further alleges that the City and other defendants committed acts that
28

21

1   exposed him to the corona virus and also targeted his trees "for castration and mutilation because

2   Defendants knew Plaintiff loved these trees and viewed them with religious reverence.  Further,

3   the demand that the trees, which have a phallic shape, be castrated, can be construed as a direct

4   assault on Plaintiff's sexuality, masculinity and gender." *Id.* ¶ 177.  Broadly construing this claim

5   as one for denial of equal protection under 42 U.S.C. § 1983, the City defendants contend that the

6   complaint fails to allege sufficient facts to support a plausible claim for relief.

7       "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

8   'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

9   direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne*

10  *Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A

11  plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 must plead intentional

12  unlawful discrimination or allege facts that are at least susceptible of an inference of

13  discriminatory intent.  *See Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th

14  Cir. 1998).  Here, although Dr. Joseph generally alleges that defendants' actions denied him equal

15  protection of the laws, he does not allege sufficient facts to support such a claim.  Although he

16  broadly claims that he was targeted because of his "sex, gender, religion, race" (Dkt. No. 1 ¶ 173),

17  Dr. Joseph does not allege facts plausibly suggesting that he was treated differently than other

18  similarly situated persons of different races, religions, or genders, much less any facts suggesting

19  that defendants acted with discriminatory intent.  Rather, the complaint merely alleges in

20  conclusory fashion that Dr. Joseph was treated "differently from other citizens." Dkt. No. 1 ¶ 176.

21  The complaint's passing reference to an alleged violation of Dr. Joseph's right to "due process" is

22  equally vague and conclusory.  *See id.* ¶ 178.  Because it is not clear whether these deficiencies

23  may be cured on amendment, this Court recommends that the City defendants' motion to dismiss

24  this claim should be granted, with leave to amend

25          **11.      Eleventh Claim for Relief:  "Monell Liability, Constitutional Torts,**
                **Violation of Fourteenth Amendment (42 U.S.C. § 1983)**
26

27      This claim, which is premised on alleged violation of "Plaintiff's 1st, 4th, 5th, 8th [and]

28  14th Amendment rights," alleges that the City has "general policies or customs" that "caused the

United States District Court
Northern District of California

constitutional violations at issue in this case because they (1) maintained an unconstitutional policy, custom, and practice and (2) failed to properly train, supervise, or discipline officers." Dkt. No. 1 ¶¶ 188, 195.  The complaint further alleges that collectively, Messrs. Sykes and Doyle and Ms. Hughey "approved and established a City policy whose only purpose was to target, discriminate against, and selectively cause Plaintiff harm and violate his Constitutional and Civil rights."  *Id*. ¶ 184.  The City defendants move to dismiss this claim, arguing that the complaint's allegations are too vague and conclusory to state a plausible claim for relief.

As discussed above, the complaint fails to sufficiently allege a basis for any underlying constitutional violation.  Thus, there is no basis for a *Monell* claim.  *See generally Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability.").  However, even if Dr. Joseph had alleged an underlying constitutional violation, the claim fails to sufficiently allege a basis to hold the City liable under *Monell*.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.  *Monell*, 436 U.S. at 690.  However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*.  *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell*, 436 U.S. at 694.  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986).

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show that: (1) the plaintiff possessed a constitutional right of which he or she was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional

United States District Court
Northern District of California

violation.  *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997).  Liability based on a municipal policy may be satisfied in one of three ways:  (1) by demonstrating that a municipal employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity; (2) by demonstrating that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.  *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir.1992), *cert. denied*, 510 U.S. 932 (1993).  "'In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'"  *Cook v. Cty. of Contra Costa*, No. 15-cv-05099-TEH, 2015 WL 9204292, at *4 (N.D. Cal. Dec. 17, 2015) (quoting *Bedford v. City of Hayward*, No. 12-cv-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012)).

### a.    Custom, Policy, or Practice Allegations

A municipality may be held liable on the basis of an unconstitutional policy if the plaintiff is "able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 167-168 (1970)).  Such a policy may be evidenced by a pattern of similar acts or incidents.  *Gillette*, 979 F.2d at 1349.  Proof of random acts or isolated incidents, however, are insufficient to establish custom, *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996), and "[a] single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom," *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).  However, an isolated constitutional violation may be sufficient to establish a municipal policy where (1) "the person causing the violation has 'final policymaking authority,'" (2) "the final policymaker 'ratified' a subordinate's actions," or (3) "the final policymaker acted with deliberate

1    indifference to the subordinate's constitutional violations." *Christie*, 176 F.3d at 1235, 1238,

2    1240.

3            Here, Dr. Joseph has generally alleged a policy "whose only purpose was to target,

4    discriminate against, and selectively cause Plaintiff harm and violate his Constitutional and Civil

5    rights" and "that harmed and which has sought to cause future harm to this Plaintiff[.]" *Id.* ¶¶ 184,

6    187.  These allegations do not go beyond incidents concerning Dr. Joseph and therefore are

7    insufficient to establish a plausible *Monell* claim based on the existence of a policy that was

8    widespread or so permanent and well settled as to constitute a custom, policy or practice with the

9    force of law.  *See Estate of Adomako v. City of Fremont*, No. 17-cv-06386-DMR, 2018 WL

10   2234179, at *3 (N.D. Cal. May 16, 2018) (concluding that the plaintiff failed to sufficiently allege

11   a pattern, policy, or custom where the complaint only alleged facts pertaining to the plaintiff).

12           To the extent the complaint appears to allege *Monell* liability based on ratification by a

13   "final policymaker," the complaint's allegations also fall short.  While a single decision by a

14   municipal final policymaker may be sufficient to trigger liability under *Monell*, such liability

15   attaches only where "a deliberate choice to follow a course of action is made from among various

16   alternatives by the official or officials responsible for establishing final policy with respect to the

17   subject matter in question." *Pembaur*, 475 U.S. at 483.  To show ratification, a plaintiff must

18   show that the "authorized policymakers approve a subordinate's decision and the basis for it."

19   *Christie*, 176 F.3d at 1239 (quoting *Praprotnik*, 485 U.S. at 127).  In the present case, Dr. Joseph

20   alleges that Mr. Sykes "is the final policy maker," (Dkt. No. 1 ¶ 187), but there are no allegations,

21   other than purely conclusory ones, giving rise to a plausible inference that Mr. Sykes made a

22   deliberate choice to follow a course of action from among various alternatives or approved the

23   basis for the alleged unconstitutional conduct.

24           Accordingly, this Court recommends that Dr. Joseph's *Monell* claim be dismissed to the

25   extent it is based on an alleged unconstitutional custom or practice.  However, as it is not clear

26   whether the deficiencies described above may be cured, this Court recommends that Dr. Joseph be

27   given leave to amend.

28

United States District Court
Northern District of California

25

### b.   Failure to Train Allegations

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id*. A municipality may be held liable based on a failure to train only where it "amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id*. (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (internal quotations and citation omitted). The Supreme Court has described the analysis as follows:

> In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

*City of Canton*, 489 U.S. 390-91.

Here, Dr. Joseph alleges that the City "failed to properly train" Messrs. Munoz and Gibilesco "and/or familiarize them with the law and this training deficiency was so egregious that it 'amount[ed] to deliberate indifference to the rights of persons with whom the 'officers come into contact.'" Dkt. No. 1 ¶ 185. The complaint further alleges that defendants "Hughey, Gibilesco and Munoz do not even know the difference between a tree vs a bush or shrub and do not have the ability to accurately read, understand, or enforce Municipal (and relevant) California Codes," and that the City, Messrs. Sykes and Doyle and Ms. Hughey "were and are willfully indifferent to the

fact no one working for the City is a trained California Certified Code Enforcement Officer." *Id.* These allegations are entirely conclusory, and the complaint does not allege specific facts regarding the type of training that was deficient, or how the allegedly unconstitutional conduct of Messrs. Sykes and Doyle and Ms. Hughey resulted from that training. This Court finds that the allegations in Dr. Joseph's complaint are not sufficient to give rise to a plausible inference that the City may be held liable on the basis of any inadequate training program. Accordingly, the City defendants' motion to dismiss this claim should be granted. However, as it is not clear whether the deficiencies described above may be cured, this Court recommends that Dr. Joseph be given leave to amend.

### 12. Twelfth Claim for Relief: "Violations of Bane Act (Cal. Civ. Code § 52.1), Ralph Act (Cal. Civ. Code § 51.7), 42 U.S.C. § 1983"

"The Bane Act prohibits interference or attempted interference with a person's rights under federal or California law by 'threats, intimidation, or coercion.'" *Wyrzykowski v. Cty. of Marin*, No. 3:14-cv-03825-LB, 2015 WL 3613645, at *11 (N.D. Cal. June 9, 2015) (quoting Cal. Civ. Code § 52.1(a)). "The statute authorizes a claim for relief 'against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law.'" *Id.* (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 331 (1998)). "To obtain relief under this statute, a plaintiff must prove that a defendant tried to, or did, prevent the plaintiff from doing something that he had the right to do under the law, or to force plaintiff to do something that he was not required to do under the law." *Id.* (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007)).

Section 51.7 of the California Ralph Civil Rights Act ("Ralph Act") provides that "[a]ll persons . . . have the right to be free from any violence, or intimidation by threat of violence committed against their persons or property" on the basis of a wide variety of protected characteristics, including race, gender and religion. Cal. Civ. Code §§ 51.7, 51(b). "In order to establish a section 51.7 claim, a plaintiff must show (1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's [protected characteristic]; (3) the plaintiff was harmed; and (4) the defendant's conduct was a

substantial factor in causing the plaintiff's harm." *Warren v. Marcus*, 78 F. Supp. 3d 1228, 1248 (N.D. Cal. 2015) (internal quotations and citation omitted).

The City defendants contend that the complaint's allegations are too conclusory to state a plausible claim for relief under the Bane Act or the Ralph Act.  The Court agrees.  The Bane Act/Ralph Act claim appears to be based on the same insufficient allegations recited in support of several of Dr. Joseph's other claims and these allegations do not support a plausible claim that Dr. Joseph was forced by any of the City defendants to do anything he was not required to do under the law, or that any of his rights have been violated based on a protected characteristic such as his race, gender or religion.  However, as it is not clear whether the deficiencies described above may be cured, this Court recommends that Dr. Joseph be given leave to amend.

### 13.    Thirteenth Claim for Relief:  "Negligence (42 U.S.C. § 1983) 'Willful Indifference' — Constitutional Torts"

This claim fails insofar as it seeks to hold the City defendants liable for negligence under 42 U.S.C. § 1983.  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *see also Godfrey v. Oakland Police Dep't*, No. 17-cv-06560-KAW, 2018 WL 1536756, at *3 (N.D. Cal. Mar. 29, 2018) (dismissing a § 1983 claim based on negligence and other state tort law, stating that "state law tort claims cannot form the basis for Plaintiff's § 1983 claim.").  Moreover, to the extent Dr. Joseph's Eleventh Claim for relief appears to be based on liability under 42 U.S.C. § 1983, the Thirteenth Claim is duplicative.  Accordingly, the City defendants' motion to dismiss this claim should be granted without leave to amend.

### 14.    Fourteenth Claim for Relief:  "Intentional Infliction of Emotional Distress, Malice, Harassment"

To state a claim for intentional infliction of emotional distress, a plaintiff must plead facts demonstrating "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035,

United States District Court
Northern District of California

28

1050 (2009) (citations omitted).  "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Id*. at 1050-51 (citation omitted).  "And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result."  *Id*. at 1051. "Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Id*.

This claim fails insofar as it is based on the conduct supporting Dr. Joseph's other claims which this Court recommends be dismissed as insufficiently pled.  Moreover, even accepting Dr. Joseph's allegations as true, he cites nothing to show that the conduct at issue here rises to the level of extreme and outrageous conduct, and it is not apparent from the record presented that the pleading could be cured by the allegations of additional facts on amendment  Accordingly, the City defendants' motion to dismiss this claim should be granted without leave to amend.

**15.**      **Fifteenth Claim for Relief:  "Fraud:  Lucy Koh, City of San Jose."**

This claim ostensibly is based on alleged fraud by Judge Koh and the City.  The allegations, however, focus on Judge Koh. Dkt. No. 1 ¶¶ 216-226.  The complaint fails to allege any facts concerning the City and thus fails to sufficiently plead a claim for relief that fairly puts the City on notice of Dr. Joseph's claim.  Moreover, for the reasons discussed above, this claim also fails insofar as it seeks to hold the City liable for the conduct of its employees.  Accordingly, this Court concludes that the City defendants' motion to dismiss this claim should be granted without leave to amend.

## III.      CONCLUSION

Based on the foregoing, IT IS ORDERED THAT this case be reassigned to a district judge, with the RECOMMENDATION that the City's defendants' motion to dismiss be granted as follows:  The motion to dismiss should be granted as to all claims for relief.  Dr. Joseph should be permitted to amend his claims based on alleged violation of the Fourth, Eighth and Fourteenth Amendments, his claim based on *Monell* liability, his claim for alleged violation of the Bane Act and the Ralph Act, and his claim for declaratory and injunctive relief, consistent with the findings and recommendations set out above.  The City defendants' motion to dismiss should otherwise be

1    granted without leave to amend as to all other claims for relief.

2          Additionally, this Court recommends that the City defendants' motion to stay discovery

3    (Dkt. No. 16) be granted and that discovery be stayed at least through the resolution of the present

4    motion to dismiss.

5          Any party may serve and file objections to this Report and Recommendation within 14

6    days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

7          **IT IS SO ORDERED.**

8    Dated: September 9, 2020

9

10

11                                          VIRGINIA K. DEMARCHI
                                             United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28