UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RHAWN JOSEPH,

    Plaintiff,

v.

LUCY KOH, et al.,

    Defendants.

Case No. 20-cv-03782-WHO

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Re: Dkt. No. 23

On September 9, 2020, Magistrate Judge Virginia K. DeMarchi issued a Report and Recommendation, recommending that the court grant the City defendants' motion[1] to dismiss pro se plaintiff Rhawn Joseph's Complaint as follows: "Dr. Joseph should be permitted to amend his claims based on alleged violation of the Fourth, Eighth and Fourteenth Amendments, his claim based on *Monell* liability, his claim for alleged violation of the Bane Act and the Ralph Act, and his claim for declaratory and injunctive relief, consistent with the findings and recommendations set out above. The City defendants' motion to dismiss should otherwise be granted without leave to amend as to all other claims for relief. Additionally, this Court recommends that the City defendant's motion to stay discovery (Dkt. No. 16) be granted and that discovery be stayed at least through the resolution of the present motion to dismiss." Report and Recommendation RE motion to Dismiss and Motion to Stay Discovery ("R&R") [Dkt. No. 23].

---

[1] The City defendants are the City of San Jose, Dave Sykes, Richard Doyle, Kendra McGee-Davies, Rosalynn Hughey, Jason Gibilesco and Brian Munoz. Dr. Joseph also names the Hon. Lucy H. Koh as a defendant (who presides over his 2019 case which is currently stayed in light of underlying state proceedings). Judge DeMarchi notes that there is no indication on the docket that Judge Koh has been served with process as prescribed by Rule 4(i) and that the deadline for service of process was August 27, 2020. Fed. R. Civ. P. 4(m).

Objections were due on or before September 23, 2020. To date, Dr. Joseph has filed three objections, totaling over 70 pages: two before the deadline on September 21, 2020 and September 22, 2020 [Dkt. Nos. 26, 27], and one after on September 29, 2020 [Dkt. No. 28].

Having reviewed the record in the case, I agree with Judge DeMarchi's Report and Recommendation and adopt it in every respect.

Dr. Joseph's objections are overruled. They largely reiterate allegations made in his Complaint and seem to litigate the merits of his claims. Dr. Joseph is reminded that this case is at the initial *pleadings stage*, where the merits of his claims are not evaluated. Rather, at this stage, the court must evaluate if he has sufficiently stated a viable claim upon which relief can be granted.

Judge DeMarchi did just that, and I agree with her recommendations. This is not an outright dismissal of the entire case that would effectively end the matter. While some of the claims against the City defendants are dismissed with prejudice (*i.e.*, they can no longer part of the case), there are other claims that are dismissed without prejudice (*i.e.*, the facts alleged in the Complaint are insufficient to give rise to a plausible claim, but the Complaint *could* be cured by the allegation of additional facts on amendment and therefore *could* be part of a viable case).

To clarify, of Dr. Joseph's fifteen claims, the City's motion to dismiss is granted *with prejudice* as to the following claims:

- Claim Two (2) "Violation of the First Amendment, Civil Rights Claim (42 U.S.C. § 1981)"
- Claim Three (3) "Conspiracy, Hate Crimes (CPS Part 1, Title 2 Section 31, CPS §§ 182 422.6; 42 U.S.C. § 1981)"
- Claim Five (5) "Violation of the Fifth Amendment"
- Claim Six (6) "Fraud: City of San Jose, Hughey, Gibilesco, Munoz"
- Claim Seven (7) "False Charges, Malicious Prosecution, Pain and Suffering"
- Claim Eight (8) "False Charges, Property Damage, Pain and Suffering"
- Claim Thirteen (13) "Negligence (42 U.S.C. § 1983) 'Willful Indifference' - Constitutional Torts"

- Claim Fourteen (14) "Intentional Infliction of Emotional Distress, Malice, Harassment"
- Claim Fifteen (15) "Fraud: Lucy Koh, City of San Jose"

However, the City's motion to dismiss is granted *without prejudice* as to the following claims:

- Claim One (1) "Demand for Declarative and Injunctive Relief"
- Claim Four (4) "Violation of the Fourth Amendment"
- Claim Nine (9) "Violation of the Eighth Amendment: Excessive Fines, Cruel and Unusual Punishment"
- Claim Ten (10) "Violation of the Fourteenth Amendment (42 U.S.C. § 1981.5 § 1983)"
- Claim Eleven (11) "Monell Liability, Constitutional Torts, Violation of Fourteenth Amendment (42 U.S.C. § 1983)"
- Claim Twelve (12) "Violations of Bane Act (Cal. Civ. Code § 52.1), Ralph Act (Cal. Civ. Code § 51.7), 42 U.S.C. § 1983."

Dr. Joseph is encouraged to focus on this second set of claims and carefully read Judge DeMarchi's instructions on how he can fix his Complaint to bring viable claims. This case can move past the pleadings stage if and only if Dr. Joseph states a viable claim.

In some of his objections, Dr. Joseph suggests that he received another notice regarding municipal code violations on September 21, 2020 and that he "proceeded to mutilate his trees and plants as ordered, and did so on [the same day]." [Dkt. No. 27]. He then takes issue with Judge DeMarchi and Judge Koh's "refusal to grant Plaintiff a protective injunction" and asks that the court "immediately order injunctive protective relief." *Id.* In another objection, he takes issue with the City's "refus[all] to hold a hearing". [Dkt. No. 28].[2]

All of this correspondence does not make clear what "immediate" relief Dr. Joseph is requesting. To the extent that it can be construed as a request for temporary restraining order, such a request is denied at this juncture. A temporary restraining order must be based on a viable claim. And issuance of a temporary restraining order is an extraordinary remedy; Dr. Joseph has failed to meet his burden of proving the propriety of such a remedy.

---

[2] Dr. Joseph has also sent multiple emails to the court regarding this matter as well. He is warned, as he has been before, that this is not an appropriate way to communicate with the court.

1    Dr. Joseph is encouraged to focus on the task at hand.  He should amend the second set of
2 claims discussed above, which would include a possibility of injunctive relief if plausibly pleaded,
3 so that this court can determine if he has a viable case to begin with.
4    Judge DeMarchi's Report and Recommendation is ADOPTED in every respect.  The City
5 defendants' motion to dismiss is GRANTED.  The motion to stay discovery is GRANTED until
6 such time as the court determines that a viable claim has been alleged.  Dr. Joseph may amend his
7 Complaint by **October 22, 2020** with respect to the second set of claims described above and in
8 the Report and Recommendation.
9    **IT IS SO ORDERED.**
10 Dated: October 1, 2020



WILLIAM H. ORRICK
United States District Judge

4