UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHAWN JOSEPH,<br><br>    Plaintiff,<br><br>        v.<br><br>LUCY KOH, et al.,<br><br>    Defendants. | Case No. 20-cv-03782-WHO<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. Nos. 32, 34 |

Pro se plaintiff Rhawn Joseph sues for alleged civil rights and other violations arising from municipal code enforcement. Before me are two motions. The City defendants' move to dismiss the Amended Complaint for failure to state a claim.[1] Joseph moves for partial summary judgment on his "Demand for Declarative and Injunctive Relief" and "*Monell* Liability, Constitutional Torts" claims. He also asks that I reinstate his Fifth Amendment due process claim, which was previously dismissed with prejudice, and order summary judgment on that claim as well. I find these motions are suitable for decision without oral argument and VACATE the hearing scheduled for December 9, 2020. *See* Civ. L. R. 7-1(b).

Joseph's motion for partial summary judgment is DENIED and the City defendants' motion to dismiss is GRANTED with prejudice. Joseph fails to plausibly plead any of his claims, let alone meet the threshold for summary judgment. I deny his request to reinstate his Fifth Amendment due process claim. Even if I considered it, he does not fix the deficiency previously identified.[2]

---

[1] The City defendants are the City of San Jose, Dave Sykes, Richard Doyle, Kendra McGee-Davies, Rosalynn Hughey, Jason Gibilesco and Brian Munoz.

[2] The Hon. Lucy H. Koh was originally named as a defendant in the original Complaint. As I

**BACKGROUND**

Magistrate Judge Virginia K. DeMarchi's Report and Recommendation details the background of this case and Joseph's previous lawsuit filed in 2019. Report and Recommendation on Motion to Dismiss and Motion to Stay Discovery ("R&R") [Dkt. No. 23] 2–6; *see Joseph v. City of San Jose, et al.*, Case No. 5:19-cv-01294-LHK ("2019 Action"). I incorporate that discussion by reference here and briefly recount the procedural history.

In his 2019 Action, Joseph sued several of the same City defendants for alleged civil rights and other violations arising out of municipal code enforcement proceedings concerning his wrought iron fence and cypress trees, as well as three sheets of 24-inch polyurethane he had erected on a portion of his property. On March 10, 2020, the Hon. Lucy H. Koh granted the parties' stipulation to stay the 2019 Action "until the parallel administrative and state court proceedings and their appeals are fully resolved." 2019 Action, Dkt. No. 78 at 2. Joseph subsequently filed this lawsuit based on events occurring in March 2020 after Judge Koh closed the 2019 Action on March 10, 2020. R&R 7.

On October 1, 2020, I adopted Magistrate Judge DeMarchi's Report and Recommendation to grant the City defendants' motion to dismiss Joseph's Complaint. Order Adopting Magistrate Judge's Report and Recommendation [Dkt. No. 29]. I gave Joseph leave to amend only the following six out of fifteen claims: (i) "Demand for Declarative and Injunctive Relief"; (ii) "Violation of the Fourth Amendment"; (iii) "Violation of the Eighth Amendment: Excessive Fines, Cruel and Unusual Punishment"; (iv) "Violation of the Fourteenth Amendment (42 U.S.C. § 1981.5 § 1983)"; (v) "*Monell* Liability, Constitutional Torts, Violation of Fourteenth Amendment (42 U.S.C. § 1983)"; (vi) "Violations of Bane Act (Cal. Civ. Code § 52.1), Ralph Act (Cal. Civ. Code § 51.7), 42 U.S.C. § 1983." *Id.* On October 21, 2020, Joseph filed an Amended Complaint that realleges these six claims. Amended Complaint ("Am. Compl.") [Dkt. No. 30].

---

noted in my previous order, there is no indication on the docket that Judge Koh has been served and the deadline for service of process passed on August 27, 2020. *See* Fed. R. Civ. P 4(m). Although Judge Koh is named in the caption associated with the exhibits Joseph attached to his Amended Complaint, the Amended Complaint itself does not name Judge Koh as a defendant or bring any allegation against her. Joseph does not maintain any claims against Judge Koh in his briefing either. Accordingly, Judge Koh is no longer alleged as a party in this case.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8 requires a complaint to include a short and plain statement indicating the grounds for jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims that are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* Although "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a), *McHenry*, 84 F.3d at 1178-79.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a claim that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

**DISCUSSION**

**I.    MOTION TO DISMISS**

   **A.    Rule 8**

The City defendants argue that the Amended Complaint should be dismissed for failure to comply with the general rules for pleading set out in Rule 8(a). Notice of Motion and Motion to Dismiss Amended Complaint ("MTD") [Dkt. No. 34] 10. In particular, they contend that the

Amended Complaint contains allegations that are "false, flatly contradicted by the exhibits to the [Amended Complaint] and the [City of San Jose Compliance Order Appeal Notice of Decision ("NOD")]," making for a frivolous and confusing pleading. MTD 10-13.[3]

Judge DeMarchi previously agreed with the City defendants that the Complaint failed to comply with Rule 8's mandate to provide a short and plaint statement of each claim showing that Joseph is entitled to relief. R&R 9. The Amended Complaint before me suffers from the same problem. It fails to provide fair notice of the claims being asserted or the grounds on which they rest. While dismissal on this ground alone would be appropriate, as discussed below, I find that the allegations, liberally construed, are insufficient to support a plausible claim for relief.[4]

### B.   Rule 12(b)(6)

#### 1.   First Claim for Relief: "Demand for Declarative and Injunctive Relief"

Joseph's claim for declarative and injunctive relief was previously dismissed with leave to amend only to the extent that it was grounded on other claims that were also dismissed with leave to amend. R&R 11. As discussed below, the City's defendants' motion to dismiss is granted as to all claims in the Amended Complaint, so this claim necessarily fails as well.

---

[3] The City defendants' request for judicial notice of the following official documents and Municipal Codes is GRANTED: City of San Jose Code Enforcement Compliance Order Appeal Notice of Decision, served on Joseph on January 17, 2020 (Exhibit A); City of San Jose Street Tree "Pruning Packet" (Exhibits B); City of San Jose Charter (Exhibit C) and City of San Jose Municipal Code Section 13.28.400 (Exhibit D). Request for Judicial Notice in Support of Motion to Dismiss Amended Complaint ("RJN") [Dkt. No. 34-1]; *see California Sportfishing Protection Alliance v. Shiloh Group, LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) (judicial notice may be taken of the existence of documents in administrative records); *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1153 n.3 (9th Cir. 2017) ("The Court may take judicial notice of compacts, statutes, and regulations not included in the plaintiff's complaint."). Exhibit A attached to the City defendants' request for judicial notice is the complete document of what Joseph attaches as Exhibit 2 to his Amended Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (judicial notice may be taken of "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice").

[4] The City defendants also argue that Joseph does not have standing to litigate claims arising from city code sections concerning sidewalks because those code sections were never applied to him and instead were merely mentioned in a form letter that he received in March 2020. MTD 5–9. The parties spend much time in the briefing debating whether those particular sections were ever applied to him. I need not reach this issue given that the Amended Complaint suffers from the other pleading flaws discussed in this order.

4

### 2. Second Claim for Relief: "Violation of the Fourth Amendment"

Joseph asserts his Fourth Amendment claim against the City, Sykes, Hughey, Gibilesco, Munoz, and McGee-Davies. Am. Compl. ¶ 79. He alleges that "Defendants City of San Jose, Gibilesco, and Munoz, and other employees of the City have . . . placed Plaintiff and his property under surveillance, have repeatedly photographed and filmed Plaintiff." *Id.* ¶ 82. He contends that "Defendants City of San Jose, Gibilesco, and City employees, including Eric Newton [who is not named as a defendant], have trespassed into Plaintiff's locked and gated property." *Id.* ¶ 83. He further alleges that Newton "was authorized by the City of San Jose, Defendant Sykes, and employee Alan Lipton, to confront [him] at his home and threaten him with guns and authorized Newton and Defendant Munoz to illegally threaten to seize, destroy and coerce the destruction of Plaintiff''s property and threaten to cause additional destruction of Plaintiff's property including his home[.]" *Id.* ¶ 84.

The Amended Complaint does not fix any of the deficiencies previously identified by Judge DeMarchi. While he has named particular defendants in his allegations, he still fails to provide any detail about what they did and what conduct is attributable to which defendant. *See* R&R 16. To the extent his claim is based on an alleged unlawful search, the interior of a "locked and gated property" represents Jospeh's curtilage, which is "subject to Fourth Amendment protection." *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010). But he fails to describe when or how the events occurred or any other detail about the situation. A conclusory allegation about a "search" that occurred over his "locked and gated property" does not suffice.

His allegations about a "seizure" are similarly conclusory. He alleges that certain City employees "illegally threaten[ed] to seize, destroy, and coerce the destruction of [his] property." Am. Compl. ¶ 84. As before, he "cites no authority indicating that the City defendants' alleged 'threatened seizure' of his trees or the fact that he was 'compelled by threats to mutilate three of his trees' gives rise to a claim for violation of the Fourth Amendment." R&R 15. In his opposition, he states that the alleged "seizure" was of a placard left on his front gate by the City and contends that non-party Newton trespassed by reaching over his locked gate to take it. Even under that theory, his Fourth Amendment allegations are insufficient. *See United States v. Karo*,

5

468 U.S. 705, 712–13 (1984) ("The existence of a physical trespass is only marginally relevant to the question of whether the Fourth Amendment has been violated, however, for an actual trespass is neither necessary nor sufficient to establish a constitutional violation.").

The City defendants' motion to dismiss the Fourth Amendment claim is GRANTED with prejudice.

### 3. Third Claim for Relief: "Violation of the Eighth Amendment: Excessive Fines, Cruel and Unusual Punishment"

Joseph's leave to amend this claim was limited. I adopted Judge DeMarchi's recommendation that this claim be dismissed "with leave to amend as to any allegedly excessive fines." R&R 21.

In his Amended Complaint, Joseph alleges conduct that he believes to have been "cruel and unusual." *See* Am. Compl. ¶ 87–89 (alleging he was "coerced into destroying his property" and "mutilating his trees"; defendants allegedly "demanded that [he] violate shelter-in-place mandates and destroy his property during the height of the Corona pandemic"). These new allegations are not within the limited leave he was granted for this claim. Even if I consider them, the allegations fail to establish any "punishment" within the meaning of the Eighth Amendment. *See* R&R 21 (concluding that "[t]here are no facts alleged suggesting that the conduct at issue," including previously alleged "damage to valuable religious property," "relates to punishment for a crime or adjudication of guilt for a crime" and further noting "[n]or is there any indication that any such facts plausibly could be alleged on amendment").

With respect to excessive fines, Joseph fails to fix the deficiency previously identified. Judge DeMarchi found Joseph's standing to pursue this claim questionable because "the complaint's allegations are ambiguous as to whether any fines have been imposed, or merely threatened." R&R 21. The allegations in his Amended Complaint fare no better. Citing to Exhibit 3 attached to his Amended Complaint, he alleges that "[f]ines were levied against him" and he "was given 14 days to destroy his property or the City would seize and destroy this property." Am. Compl. ¶ 19. Exhibit 3 is a "Second Tree Repair Notice" dated April 29, 2020, which fails to show that a fine of any kind was levied. On the contrary, it references "Cost

1 estimates for Required Tree Work $156.20." Exhibit 3 [Dkt. No. 30-1]. Joseph does not provide
2 any reason why this "cost estimate" can constitute a fine within the meaning of the Eighth
3 Amendment. Nor does he provide any other allegation about a "fine" he actually paid or whether
4 he has an outstanding unpaid fine pending.

5 He further alleges that "[a]ny fine or charging of costs would be excessive." Am. Compl. ¶
6 90. This too fails to show that a fine was imposed instead of merely threatened. An allegation
7 that any fines or costs "would be" excessive does not suffice to show an injury-in-fact under the
8 Eighth Amendment.

9 Because Joseph fails to allege that he was ever fined or punished under any law that
10 triggers Eighth Amendment protections, the City defendants' motion to dismiss this claim is
11 GRANTED with prejudice.

### 4. Fourth Claim for Relief: "Violation of the Fourteenth Amendment (42 U.S.C. § 1981.5 § 1983)"

Judge DeMarchi concluded the following about Joseph's Fourteenth Amendment claim in the Complaint:

> Here, although Dr. Joseph generally alleges that defendants' actions denied him equal protection of the laws, he does not allege sufficient facts to support such a claim. Although he broadly claims that he was targeted because of his "sex, gender, religion, race" (Dkt. No. 1 ¶ 173), Dr. Joseph does not allege facts plausibly suggesting that he was treated differently than other similarly situated persons of different races, religions, or genders, much less any facts suggesting that defendants acted with discriminatory intent. Rather, the complaint merely alleges in conclusory fashion that Dr. Joseph was treated "differently from other citizens." Dkt. No. 1 ¶ 176.

R&R 22. In his Amended Complaint, Joseph adds that he "pointed out that other houses on his street have trees with branches only a few feet off the ground, and have bushes and shrubs which are up to five feet or more in height," to which Newton allegedly replied, "The City is not concerned with your neighbors. Just you. You pissed off the wrong people." Am. Compl. ¶ 96. Based on this allegation, he contends that he has been "singled out" and is "treated differently from his neighbors." Id. ¶ 97.

Because Joseph does not implicate a suspect classification, he appears to pursue a "class-of-one" equal protection claim. The Supreme Court has recognized class-of-one equal protection

7

claims "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "Class-of-one plaintiffs 'must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)); *see also Jardine-Byrne v. Santa Cruz Cty.*, No. 5:16-CV-03253-EJD, 2017 WL 5525900, at *4 (N.D. Cal. Nov. 17, 2017) (same). "To be considered similarly situated, the plaintiff and her comparators must be prima facie identical in all relevant respects or directly comparable in all material respects." *Jardine-Byrne*, 2017 WL 5525900, at *4 (internal quotation marks and citation omitted).

"Strict enforcement of the similarly-situated requirement is a vital way of minimizing the risk that, unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." *Warkentine*, 152 F. Supp. 3d at 1294 (internal quotation marks and citation omitted). "[C]ursory allegations on being similarly situated are especially problematic where, *e.g.*, 'inherently subjective and individualized enforcement of health and safety regulations' are at issue." *Scocca v. Smith*, No. C-11-1318 EMC, 2012 WL 2375203, at *5 (N.D. Cal. Jun. 22, 2012) (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1220 (10th Cir. 2011)).

Joseph's allegations are conclusory and fail to establish that his neighbors and their properties were identical in all relevant respects or directly comparable in all material respects. He refers to Exhibit 6 to show that "other houses on his street have trees with branches only a few feet off the ground, and have bushes and shrubs which are up to five feet or more in height." Am. Compl. ¶ 96. This single allegation and Exhibit 6 fail to show how any other house on his street is "similarly situated." Nor does he allege that any of his neighbors have cypress trees with 4 to 6-inch diameter trunks or any other kind of tree that were similarly positioned as his trees. *See, e.g.*, *Elizondo v. City of Junction City*, 745 F. App'x 43, 44 (9th Cir. 2018) (affirming district court's summary judgment order on plaintiff's equal protection claim where "[t]he situations of the other

property owners cited by the Elizondos [were] not sufficiently similar because the trees in those instances were not located on city corners"). He fails to plausibly allege the "extremely high degree of similarity" needed for a class-of-one equal protection claim. *Warkentine*, 152 F. Supp. 3d at 1294

The City defendants' motion to dismiss the Fourteenth Amendment claim is GRANTED with prejudice.

### 5. Fifth Claim for Relief: "*Monell* Liability, Constitutional Torts, Violation of Fourteenth Amendment (42 U.S.C. § 1983)"

Judge DeMarchi previously dismissed Joseph's *Monell* claim because the Complaint failed to allege a basis for any underlying constitutional violation, and therefore did not allege any basis for a *Monell* claim. R&R 23; *see generally Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability."). Even if Joseph had alleged an underlying constitutional violation, Judge DeMarchi found the claim still failed to sufficiently allege a basis to hold the City liable under *Monell* because his allegations about a custom, policy, or practice or failure to train were conclusory and implausible. R&R 23. He was given leave to amend to the extent he is able to allege an unconstitutional custom or practice, or that the City had an inadequate training program. *Id.* at 25–26.

As discussed above, the Amended Complaint fails to sufficiently allege a basis for any underlying constitutional violation, which means there is no basis for a *Monell* claim. The custom or practice and failure to train allegations also remain conclusory and implausible.

Joseph alleges that the City, Sykes and Hughey "established a policy (via their employees and those they supervise) of extorting money . . . filing false code violations . . . levying of fines and . . . forcing [the payments of] fees of contractors hired by the City . . . or to hire and pay contractors hired by the City[.]" Am. Compl. ¶ 110. Like his previous allegations, these allegations do not go beyond incidents concerning Joseph and therefore are insufficient to establish a plausible *Monell* claim based on existence of a policy that was widespread or so permanent and well settled to constitute a custom, policy or practice with the force of law. *See*

*Estate of Adomako v. City of Fremont*, No. 17-cv-06386-DMR, 2018 WL 2234179, at *3 (N.D. Cal. May 16, 2018) (concluding that the plaintiff failed to sufficiently allege a pattern, policy, or custom where the complaint only alleged facts pertaining to the plaintiff).

To the extent his custom or policy allegations are based on ratification by a "final policymaker," those allegations are also insufficient. He alleges that "Sykes (City Manager) and Hughey (Director of Code) each have policy making powers, with Sykes setting and governing policy for the entire City" and "collectively they established a City policy whose only purpose was to target, discriminate against, extort money from, and selectively cause plaintiff and other citizens great harm[.]" Am. Compl. ¶ 113. This allegation, and similarly worded allegations throughout the Amended Complaint, fails to provide any plausible inference that Sykes and Hughey made a deliberate choice to follow a course of action from among various alternatives or approved the basis for the alleged unconstitutional conduct. *See* R&R 25.

His failure to train allegations similarly fail to establish a *Monell* claim. He criticizes the City's alleged failure to "hire California Certified Code Enforcement officers ("CCE") [and] . . . properly train and supervise employees." Am. Compl. ¶ 117. But, as before, he fails to allege any specific facts regarding the type of training that was deficient or how the allegedly unconstitutional conduct of the City defendants resulted from that training. R&R 27; *see, e.g.*, Am. Compl. ¶ 118 (alleging that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonable be said to have deliberately indifferent to the need"). Such conclusory allegations do not plausibly support a *Monell* claim.

The City defendants' motion to dismiss the *Monell* claim is GRANTED with prejudice.

   **6. Sixth Claim for Relief: "Violations of Bane Act (Cal. Civ. Code § 52.1), Ralph Act (Cal. Civ. Code § 51.7), 42 U.S.C. § 1983"**

"The Bane Act prohibits interference or attempted interference with a person's rights under federal or California law by 'threats, intimidation, or coercion.'" *Wyrzykowski v. Cty. of Marin*, No. 3:14-cv-03825-LB, 2015 WL 3613645, at *11 (N.D. Cal. Jun. 9, 2015) (quoting Cal. Civ. Code § 52.1(a)). Section 51.7 of the California Ralph Civil Rights Act ("Ralph Act") provides

that "[a]ll persons . . . have the right to be free from any violence, or intimidation by threat of violence committed against their persons or property" on the basis of a wide variety of protected characteristics, including race, gender and religion. Cal. Civ. Code §§ 51.7, 51(b).

These joint claims were previously dismissed for being too conclusory and lacking plausible factual support. R&R 28. Judge DeMarchi noted that "[t]he Bane Act/Ralph Act claim appears to be based on the same insufficient allegations recited in support of several of Dr. Joseph's other claims and these allegations do not support a plausible claim that Dr. Joseph was forced by any of the City defendants to do anything he was not required to do under the law, or that any of his rights have been violated based on a protected characteristic such as his race, gender or religion." *Id.* However, Joseph was given leave to amend because it was "not clear whether the deficiencies described above may be cured." *Id.*

As discussed above, Joseph has not cured any of the deficiencies highlighted by Judge DeMarchi. The added allegation that he was threatened with "guns" and violence to destroy his property/trees is also conclusory and fails to support a plausible claim that he was forced to do anything he was not required to do under the law. *See* Am. Compl. ¶¶ 3, 29, 84, 134.

The City defendants' motion to dismiss the Bane Act/Ralph Act claim is GRANTED with prejudice.

## II. MOTION FOR PARTIAL SUMMARY JUDGMENT

Joseph moves for partial summary judgment on his "Demand for Declarative and Injunctive Relief" and "*Monell* Liability, Constitutional Torts" claims. Plaintiff's Rule 60(d)(3) Motion to Set Aside Judgment and Rule 54(a)d) Motion for Partial Summary Judgment [Dkt. No. 32] 7. He also asks that I reinstate his Fifth Amendment due process claim, which was previously dismissed with prejudice, and order summary judgment on that claim as well. *Id.*

As discussed above, both his claims for "Demand for Declarative and Injunctive Relief" and "Monell Liability, Constitutional Torts" are dismissed for failure to state a claim. Nothing in Joseph's briefing for this motion makes me conclude otherwise. Joseph cannot obtain summary judgment without first plausibly stating a claim.

I will not entertain his request to reinstate the Fifth Amendment due process claim. Judge

1  DeMarchi found Joseph's Fifth Amendment allegations deficient and "[i]n any event, the Fifth
2  Amendment's due process clause applies only to the federal government, and not to the actions of
3  a state or city." R&R 17 (quoting *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  I
4  adopted Judge DeMarchi's recommendation to dismiss this claim without leave to amend given
5  her well-reasoned conclusion that "this claim could be saved by amendment." R&R 17.  Even if
6  allowed him to reinstate the claim, the allegations he seeks to add are flawed for the same reasons
7  Judge DeMarchi previously noted.

Joseph's motion for summary judgment and to set aside judgment is DENIED.

## CONCLUSION

For the foregoing reasons, the City defendants' motion to dismiss the Amended Complaint is GRANTED and Joseph's motion for summary judgment is DENIED.  Because Joseph had multiple opportunities to plausibly state a claim, I grant the dismissal WITH PREJUDICE. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: December 6, 2020

William H. Orrick
United States District Judge